PER CURIAM.
Respondent-appellant, the State of Florida, seeks review of the trial court’s order *368 granting appellee’s suggestion for writ of prohibition as to counts II, IV and VI of the subject information filed against him and denying the writ of prohibition as to counts I, III and V, thereof.
The J. E. Greiner Company, Inc., which was acting as an agent of the Florida Department of Transportation in construction of the Homestead extension of the Florida Turnpike, requested J. Bruce Vining, ap-pellee herein, a registered real estate broker, to find property in Dade County which would serve as sources for fill for the turnpike embankment. Appellee located three such properties in early 1971 and purchased said properties allegedly for himself in the name of another and allegedly concealed his interest therein from the Greiner Company and the original sellers. As a result, appellee personally received the benefit of payments for fill made by the Department of Transportation until March, 1973.
Thereafter, on January 11, 1974, respondent-appellee, the State of Florida, filed a six-count information against appellee.
Counts I, III and V of the information charged appellee with violations of § 340.-26, Fla.Stat., F.S.A. between March, 1971 and May, 1973, in that appellee Vining, while acting as an agent of the Department of Transportation had an interest in three contracts[1] between the Department of Transportation and other individuals.
Counts II, IV and VI charged Vining with violations of § 475.42, Fla.Stat., F.S. A. [more specifically § 475.25(1) (a), Fla. Stat., F.S.A.] between March, 1971 and May, 1973 in that appellee acted as a registered real estate broker in the sale of certain properties on March 20, March 17, and April 1, 1971, and dishonestly concealed from the original sellers that appel-lee was acquiring the beneficial interest therein in order to sell an option agreement for fill to the J. E. Greiner Company, Inc., an agent of the Department of Transportation. Further, appellee failed to pay over to the original sellers the payments for the fill received from the Florida Department of Transportation.
In response, thereto, appellee as relator, filed a suggestion for writ of prohibition on the grounds that the Statute of Limitations barred prosecution of all the counts. The circuit court issued a rule nisi and respondent-appellant filed its return. The circuit court then entered the herein appealed order that the appellant was prohibited from trying the appellee on the charges set forth in counts II, IV, and VI on the grounds that prosecution thereof was barred by the Statute of Limitations. However, as to counts I, III and V, the suggestion for writ of prohibition was denied.
Respondent-appellant urges as error the granting of the writ of prohibition as to counts II, IV and VI of the information on the grounds that the Statute of Limitations bars prosecution thereof.
In its recent pronouncement thereon, the Florida Supreme Court has stated very emphatically that the Florida Statute of Limitations is completely silent on a concept of a continuing discoverable offense and the Statute of Limitations in criminal cases runs from the date of the commission of the crime. State v. King, Fla.1973, 282 So.2d 162.
In the case sub judice, appellee J. Bruce Vining was charged with violations of § 475.25(1) (a), Fla.Stat., which reads in part as follows:
“(a) Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or device, culpable negligence, or breach of trust in any business transaction, * * * has violated a duty imposed upon him by law or by the terms *369 of a listing contract, written, oral, express or implied, in a real estate transaction.”
;ji j[c ‡ >fc sji ‡
We find that the alleged violations of the above statute were committed in March and April, 1971 when appellee, acting as a registered real estate broker, allegedly purchased the properties in question in the names of other individuals and concealed from the original sellers that he was acquiring the beneficial interest therein in order to sell an option agreement for fill to the Greiner Company. These alleged violations having been completed in March and April, 1971, we conclude that the circuit judge was correct in finding that the prosecution of counts II, IV and VI were barred by the two year Statute of Limitations [§ 932.465(2), Fla.Stat.] and granting relator’s suggestion for writ of prohibition directed thereto. Cf. Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970).
Appellee Vining cross-appealed and contends that the circuit court erred in not granting his suggestion for writ of prohibition as to counts I, III and V of the information. We cannot agree.
Appellee in these counts was charged with violations of § 340.26, Fla. Stat., between March, 1971 and May, 1973. Section 340.26, Fla.Stat. reads as follows:
“340.26 Unlawful for agents and employees to be interested in contract, etc. —Any agent or employee of the department who is interested, either directly or indirectly, in any contract of another with the department, or in the sale of any property, either real or personal, to the department, shall be punished by a fine not exceeding $500.00 or by imprisonment not exceeding 1 year.”
This statute involves a status or relationship, not a specific act. . From March, 1971 until May, 1973, appellee had an alleged interest in the option agreements for fill with the Department of Transportation and allegedly received payments as a result thereof. Thus, appellee, as an agent of the Department of Transportation during this same period,’ allegedly occupied a continuing status or relationship prohibited by § 340.26, F.S.A. Therefore, we find that the two year Statute of Limitations does not bar the prosecution of the appellee on counts I, III and V.
Accordingly, the order herein appealed is affirmed.
Affirmed.

. The purchase by the Greiner Company of option agreements for fill from the straw men in whose names appellee bought the subject properties from the original sellers.